**GLENCORE LTD., Petitioner–Appellee,**

v.

**AGROGEN, S.A. de C.V., Respondent–Appellant.**

Docket No. 01–9374.

United States Court of Appeals, Second Circuit.

June 10, 2002.

William D. Signet, Signet Ramos Abogados, Austin, TX, for Respondent–Appellant.

Eliot Lauer, Curtis, Mallet–Prevost, Colt & Mosle LLP, New York, NY, for Petitioner–Appellee.

Present McLAUGHLIN, JACOBS and LEVAL, Circuit Judges.

## *SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Respondent–Appellant Agrogen, S.A. de C.V. ("Agrogen") appeals the judgment of the United States District Court for the Southern District of New York (Cedarbaum, J.) granting the petition of Petitioner–Appellee Glencore LTD. ("Glencore") to confirm an arbitral award under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 ("Convention"), 21 U.S.T. 2517, 330 U.N.T.S. 38, *implemented by* 9 U.S.C. § 201 *et seq.*, and denying Agrogen's cross-petition to vacate the award on grounds set forth both in Article V(1)(b) of the Convention and Section 10(a)(3) of the Federal Arbitration Act ("FAA"). 9 U.S.C. § 10(a)(3).

On appeal, Agrogen argues that vacatur was warranted under either or both § 10(a)(3) of the FAA and Article V(1)(b) of the Convention because the arbitration panel committed misconduct that in effect deprived Agrogen of a fair hearing.

Specifically, Agrogen claims that the arbitration panel improperly: refused to postpone the proceeding to allow Agrogen to conduct third-party discovery; refused

to receive in evidence reams of untranslated Spanish-language documents; excluded testimony of Agrogen witness William Zisson; and refused to exclude rebuttal testimony of Glencore witness John Maranda.

Our review "of an arbitral judgment is highly deferential; such judgments are to be reversed only where the arbitrators have exceeded their authority or made a finding in manifest disregard of the law." *Pike v. Freeman*, 266 F.3d 78, 86 (2d Cir.2001). We are free to affirm the district court's confirmation of an arbitral award on any basis supported in the record. *See Name.Space, Inc. v. Network Solutions, Inc.*, 202 F.3d 573, 584 (2d Cir. 2000).

We conclude that the grounds raised by Agrogen, taken individually or collectively, do not demonstrate misconduct by the arbitrators or the deprivation to Agrogen of a fundamentally fair hearing, and thus do not meet the standards set out in either the FAA or the Convention for vacating an arbitral award. Agrogen never asked the panel to postpone the arbitration and the third-party discovery request was made after the close of discovery; Glencore's counsel had warned that it would object to untranslated documents, and indeed, neither Glencore's counsel nor the members of the arbitration panel were literate in Spanish; Zisson did in fact testify, and was precluded only from presenting certain cumulative and irrelevant testimony; and Maranda, who was timely listed as a potential rebuttal witness, properly testified as a fact witness.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.